IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-CR-30140-MJR |
| ) | |
| PAUL PODHORN, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER FOR FORFEITURE WITH RESPECT TO
CERTAIN FIREARMS OF PAUL EDWARD PODHORN, JR.**

**REAGAN, District Judge:**

On October 29, 2004, a jury convicted Defendant Paul Podhorn, Jr. on 25 counts of firearms-related offenses, in violation of **18 U.S.C. §§ 922(b)(5) and 924(a)(3).** On March 17, 2006, this Court held a hearing on the remaining forfeiture count, Count 28. Based on the evidence obtained during the trial of the case in chief, as well as on the testimony and evidence produced by the United States and by Podhorn in the forfeiture hearing on March 17, 2006, the Court hereby finds by clear and convincing evidence that the following firearms were involved in or used in a violation of **18 U.S.C. § 922(n)**:

    1.    Valmet Rifle, No. 399110;

    2.    Steyr-Solothurn M III Professional Rifle, No. 263267;

    3.    Colt Army Special Revolver, No. 378469;

    4.    Smith & Wesson Double Action 45 Revolver, No. 681-30406;

    5.    SIG Arms SHR970 Winchester Mag Rifle, No. R03978;

    6.    Colt Sauer 7 mm Rifle, No. CR20399;

7.    U.S.A. Military Surplus Trigger/Receiver Rifle, No. F441582;

8.    Unknown Manufacturer Lower Receiver Rifle, No. A62554; and

9.    Valmet Rifle, No. 394272.

With respect to the Unknown Manufacturer Lower Receiver Rifle, No. A62554, Podhorn indicates that the receiver is a component of an FN-FAL rifle. Podhorn asserts that this lower receiver does not constitute a "firearm." However, for those offenses described in Chapter 44 of the Code of Criminal Procedure, "firearm" means "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon..." **18 U.S.C. § 921(a)(3)**. Under **27 C.F.R. § 478.11**, a "firearm frame or receiver" is "that part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." An inspection of the seized item in question clearly reveals that it fits the definition of a "receiver" under **27 C.F.R. § 478.11**, and would thus, under **18 U.S.C. § 921(a)(3)**, constitute a firearm itself.

Podhorn has objected to the description of "U.S.A. Military Surplus Trigger/Receiver Rifle, No. F441582" on the basis that he is unaware of a manufacturer known as "U.S.A. Military Surplus." The Court finds that this description is not intended to name a manufacturer, but rather is an indication that this firearm was military surplus of the United States. Podhorn's objection is therefore denied.

The United States has agreed to dismiss the forfeiture allegation against the following firearms, and they will not be forfeited as a result of these proceedings:

1.    PAC West Arms Commander Rifle, No. 10317;

  2.  Winchester Varmint Rifle, No. 395536;

  3.  U.S.A. Military Surplus Hadar II SA Rifle, No. 100662.

However, pending the resolution of all appeals in this matter, the United States may retain custody and control of said weapons.

The United States shall publish at least once a week for three consecutive weeks in a newspaper of general circulation, notice of this order, notice of the intent of the United States Marshal or of the Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosives to dispose of the property in such a manner as the Attorney General may direct, and notice that any persons other than Podhorn who have any claims or legal interest in any of the above-listed forfeited property, must file a petition with the court within thirty (30) days of final publication of the notice or receipt of actual notice, whichever time is earlier.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim for relief.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing of any petition alleging a third-party interests in the property, the Court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosive shall seize and reduce to his possession, if he has not already done so, the above-described forfeited property.

Pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 32.2(b)(3)**, this Order of Forfeiture is hereby decreed to be final with respect to defendant Paul Edward Podhorn, Jr. and is hereby made a part of his sentence and shall be included in the Judgment entered against him in this case. This Order is a final order only with respect to Podhorn, and may be amended with respect to petitions filed by third parties claiming an interest in the forfeited property.

**IT IS SO ORDERED.**

**DATED this 6th day of April, 2006.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**
