**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-CR-30140-MJR |
| ) | |
| PAUL EDWARD PODHORN, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

**REAGAN, District Judge:**

On October 29, 2004, Defendant Podhorn was found guilty of counts 1 through 25 and 27 of the Second Superseding Indictment (see Docs. 130-155, 163-165). On April 21, 2006, this Court entered a judgment against Podhorn sentencing him to 87 months imprisonment, consisting of 60 months on counts 1, 2, and 5-25, 87 months on counts 3-4, and 12 months on count 27, all to be served concurrently (Doc. 318). Podhorn appealed.

On January 6, 2009, the Seventh Circuit issued a mandate vacating Podhorn's sentence and remanding for resentencing (Doc. 362). Specifically, the Seventh Circuit determined that the Court improperly applied an enhancement under U.S. SENTENCING GUIDELINES § 2K2.1(b)(4).

The Court previously determined that re-sentencing is limited to the specific issue addressed by the Seventh Circuit in its review of Podhorn's sentence—rectifying the erroneous application of the Section 2K2.1(b)(4) stolen weapons enhancement. ***United States v. Podhorn*, 549 F.3d 552, 559–61 (7th Cir. 2008).** This is the sole issue identified by the Seventh Circuit as necessitating re-sentencing. As a result, this Court ruled that Podhorn's presence at resentencing

is not required. *See United States v. Parker*, **101 F.3d 527 (7th Cir. 1996).**

Unhappy with this state of affairs, Podhorn has now filed two *pro se* motions, despite the fact that he is represented by counsel in this case. The first is a "Notice of Pro Se Representation with Stand-by Counsel," which the Court construes as a motion to terminate counsel (Doc. 388). The second is a "Motion to Request Status of Counsel Hearing" (Doc. 389). For the reasons explained below, Podhorn's motions are **DENIED**.

Because a number of the issues overlap, the Court will discuss each of Podhorn's complaints and requests individually. First, he asks the Court to let him proceed pro se and convert his current attorneys to standby counsel. In doing so, he claims in generic terms that a conflict of interest exists. But it appears that the only "conflict" is that his attorneys are unwilling to present documents and/or arguments that this Court has already determined would be irrelevant to the proceedings. For instance, he asks the Court to re-examine all sentencing factors in **18 U.S.C. § 3553**, receive evidence on his medical status, and his treatment during his confinement. However, the Court need not undertake these tasks, as they are outside the scope of the limited remand ordered by the Seventh Circuit. Accordingly, counsels' refusal to continue to press these issues, especially in light of the fact that the Court has already ruled that these factors would not be considered, is not sufficient to create a conflict that requires their termination. In any case, the Court already has all the information necessary for re-sentencing.

Podhorn also complains that the PSR on file with the Court is five years old and contains pre-prison information that is no longer accurate or relevant. Given the limited nature of the remand, it should already be apparent that the Court will not consider this information at re-sentencing, though it is relevant as background information.

Additionally, Podhorn asks this Court to address the Bureau of Prisons's calculation of his release date and credit for good time. This is a Bureau of Prisons issue, however, that must proceed through administrative channels. The Court lacks jurisdiction as to this particular issue.

Finally, Podhorn asks that he be released pending re-sentencing so as to prevent unconstitutional imprisonment. The Court declines to do so, given that the issuance of an amended judgment is imminent.

For all of these reasons, the Court hereby **DENIES** Podhorn's motion to terminate counsel (Doc. 388) and his motion for counsel hearing (Doc. 389).

**IT IS SO ORDERED.**

**DATED this 14th day of May 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**