**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 03-CR-30140-MJR |
| | ) | |
| **PAUL EDWARD PODHORN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**REAGAN, District Judge:**

On October 29, 2004, Defendant Podhorn was found guilty of counts 1 through 25 and 27 of the Second Superseding Indictment (*see* Docs. 130-155, 163-165). On April 21, 2006, this Court entered a judgment against Podhorn sentencing him to 87 months imprisonment, consisting of 60 months on counts 1, 2, and 5-25, 87 months on counts 3-4, and 12 months on count 27, all to be served concurrently (Doc. 318). Podhorn appealed.

On January 6, 2009, the Seventh Circuit issued a mandate vacating Podhorn's sentence and remanding for resentencing (Doc. 362). Specifically, the Seventh Circuit determined that the Court improperly applied a two-level enhancement for stolen weapons under **U.S. SENTENCING GUIDELINES § 2K2.1(b)(4).** *United States v. Podhorn*, **549 F.3d 552, 559–61 (7th Cir. 2008).** The Court found that the application of that enhancement amounts to "double counting" since the stolen firearms were "the only thing that makes the sales charged in Counts 3 and 4 illegal." *Id.* **at 560.**

The Court previously determined that resentencing is limited to the specific issue addressed by the Seventh Circuit in its review of Podhorn's sentence—rectifying the erroneous application of the Section 2K2.1(b)(4) stolen weapons enhancement (Doc. 387). Indeed, this is the

sole issue identified by the Seventh Circuit as necessitating re-sentencing. The Court did invite Podhorn to submit his statement in allocution in writing through counsel (Doc. 387). However, Podhorn has elected not to do so (Doc. 390). Accordingly, the Court now has everything it needs to resentence Podhorn.

With respect to Counts 3 and 4, the two counts to which this Court improperly applied the two-level enhancement under **§ 2K2.1(b)(4)**, the original guideline range employed by this Court was 78 to 97 months. The Court opted to sentence Podhorn at the midpoint of this range and settled on a sentence of 87 months.

The Court now removes the two-level enhancement, which provides a guideline range of 63 to 78 months imprisonment. The Court now sentences Podhorn at the midpoint of this range, resulting in a sentence of 70 months imprisonment on Counts 3 and 4. This sentence shall be served concurrently with Podhorn's sentences of 60 months on Counts 1, 2, and 5-25 and 12 months on Count 27. All other terms and conditions remain the same. An amended judgment will follow the entry of this Order.

**IT IS SO ORDERED.**

**DATED this 14th day of May 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**