### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 03-CR-30140-SPM

PAUL EDWARD PODHORN, JR.,

    Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Defendant Paul Edward Podhorn, Jr.'s Motion to Transfer and for Appointment of Counsel (Doc. 481). Upon an Order of this Court (Doc. 483), the United States filed a Response (Doc. 485). Having fully considered the issues presented, the Motion is **DENIED without prejudice**.

In 2004, a jury convicted Podhorn of two counts of making false statements, pursuant to 18 U.S.C. § 1001(a)(2), two counts of selling stolen firearms, pursuant to 18 U.S.C. § 922(j), twenty-one counts of selling firearms without maintaining proper records, pursuant to 18 U.S.C. § 922(b)(5), and one count of failure to maintain proper firearm records, pursuant to 18 U.S.C. § 922(m), following a nine-day trial. (Docs. 109–10, 111, 113, 116, 120, 125–27, 130–55). In 2006, after an appeal, Judge Michael J. Reagan sentenced Podhorn to 87 months in prison, two years of supervised release, a $2,525 special assessment, $710 in restitution, and a $650 fine. (Doc. 318). In 2009, Judge Reagan resentenced Podhorn, reducing the total prison sentence to 70 months without changing other portions of the sentence, including the $650 fine. (Doc. 400).

Since that time, Podhorn has completed his prison sentence and period of supervised release, has paid his restitution, and his special assessment has expired. (*See* Doc. 475, p. 6; Doc. 485, ¶ 6). Podhorn's $650 fine remains outstanding. (*See* Doc. 481; Doc. 485, ¶ 6).

On June 16, 2026, the Southern District of Illinois United States Attorney's Office ("the Government") sent Podhorn a letter telling him that his account was "seriously **delinquent**," and that the Government would take further legal action if Podhorn did not pay his $650 balance within ten days. (Doc. 481, p. 6). The letter informed Podhorn that if the Government took further action, it may result in a court hearing on his ability to pay. (*Id.*).

To date, the Government has not taken the threatened "further legal action." (*See* Doc. 485, ¶ 7). Podhorn, however, preemptively filed the instant Motion to transfer his case to the Eastern District of Virginia, where he lives, because his medical and financial situation would make it difficult for him to attend a hearing in East St. Louis. (Doc. 481, p. 1). Podhorn also requested court-appointed counsel. (*Id.*).

This motion is premature. There are no hearing scheduled in this matter, and there is no enforcement action for which Mr. Podhorn may require counsel. Podhorn's Motion to Transfer and for Appointment of Counsel (Doc. 481) is therefore **DENIED without prejudice**.

**IT IS SO ORDERED.**
**DATED:  August 6, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**